UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERMAINE LAMONT DAVIS,

     Plaintiff,

  v.

ANDREW SAUL,
Commissioner of Social Security,

     Defendant.
_____

DECISION & ORDER

18-CV-6561-MJP

## PRELIMINARY STATEMENT

**Pedersen, M.J.** Jermaine Lamont Davis ("Plaintiff") seeks reversal of the Commissioner's final decision finding that he was not eligible for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act."). The Commissioner's decision is supported by the evidence and is based upon the application of the correct legal standards.

## BACKGROUND

### *Procedural Background*

Plaintiff filed an application for SSI on August 20, 2014, alleging that he became disabled on April 8, 2009, due to depression, bad knees, asthma, high blood pressure, depression, back pain, liver problems, cysts, and sleep apnea. (Record[1] ("R.") 176–81, 203.) The Commissioner denied the application. (R. 98–105.) Plaintiff then requested a hearing by an Administrative Law Judge ("A.L.J."). (R. 106–08.) The hearing was held on May 25, 2017. (R. 36–77.) Plaintiff, who was represented by

---

[1] Refers to the Record of Proceedings at the Social Security Administration filed on January 15, 2019, ECF No. 9.

counsel at the hearing, appeared and presented testimony before A.L.J. Brian Kane. (R. 36–77.) The A.L.J.'s denial became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on June 8, 2018. (R. 1–6.) This action followed. (Compl., Aug. 2, 2018, ECF No. 1.)

## DISCUSSION

### *Standard of Review*

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Section 405(g) limits the scope of the Court's review to two

2

inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the A.L.J. must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;

(4) if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and

(5) if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through

3

four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

### *The A.L.J.'s Decision*

At step one of the sequential evaluation, the A.L.J. found that Plaintiff had not engaged in substantial gainful activity since his SSI application date of August 20, 2014. (R. 23.) At steps two and three, the A.L.J. found that Plaintiff' depressive disorder, bilateral knee arthritis, and obesity were severe impairments that did not meet or equal the requirements of the Listings of Impairments ("Listings") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1. (R. 23.) Then, the A.L.J. found that Plaintiff retained the RFC to: "Perform light work as defined in 20 CFR 416.967(b) except he can sit for at least six hours; stand and/or walk for two hours; lift and carry up to 15 pounds; and he is limited to frequent interaction with coworkers and the general public." (R. 25.) The A.L.J. also found that Plaintiff could not perform his past relevant work as a warehouse worker. (R. 29.) At step five, relying upon Vocational Expert testimony and the Medical-Vocational Rules as a framework for decision making, the A.L.J. found that Plaintiff was not disabled as he was capable of making an adjustment to other work in the national economy. (R. 30–31.)

### *Plaintiff's Contentions*

Plaintiff contends that the A.L.J. did not properly evaluate Dr. Harbinder Toor's opinion because the A.L.J. rejected the severe exertional limitations in his medical statement, where Dr. Toor found that that Plaintiff had moderate-to-severe

4

limitations in standing, walking, bending, and lifting, but the A.L.J. accorded some weight to the moderate limitations in sitting for a long time, pushing, pulling, and reaching with the left shoulder, and doing exertional activities. (Pl.'s Mem. of Law at 17–19, Mar. 18, 2019, ECF No. 10.) Plaintiff also argues that the A.L.J. improperly rejected Dr. Kristina Luna's opinion that Plaintiff was moderately limited in his ability to maintain attention and concentration and perform complex tasks independently. (Pl.'s Mem of Law at 21–22.)

Second, Plaintiff argues that the A.L.J. erred when he did not account for Plaintiff's learning disorder in his RFC finding despite finding it was a non-severe impairment. (*Id.* at 23.)

Third, Plaintiff argues that the A.L.J.'s RFC limiting him to frequent contact with coworkers and the general public is unsupported by the record and the evidence supports much greater limitations. (*Id.* at 26.)

Finally, Plaintiff argues that the A.L.J. should have relied on the Vocational Expert's testimony that an individual who required no contact with coworkers or the general public, or had occasional arguments or altercations with supervisors, would be unemployable. (*Id.* at 27.)

## ANALYSIS

At the administrative level, the A.L.J. alone assesses RFC based on all relevant evidence of record, not just medical opinions. 20 C.F.R. §§ 404.1545(a)(3), 404.1546(c); *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (the ultimate responsibility to determine a claimant's RFC rests solely with the A.L.J.); *accord Johnson v. Colvin*, 669 F. App'x 44, 46-47 (2d Cir. 2016) (Summ. Order) (citing 20 C.F.R. § 416.945(a)(3)

5

(explaining that an A.L.J. looks to "all of the relevant medical and other evidence" including relevant medical reports, medical history, and statements from the claimant when assessing an applicant's RFC). Should an A.L.J. give only little weight to all the medical opinions of record, the A.L.J. creates an evidentiary gap which warrants remand. *Defrancesco v. Berryhill*, No. 16-CV-6575-FPG, 2017 WL 4769004, at *4, 2017 U.S. Dist. LEXIS 175151, at *9 (W.D.N.Y. Oct. 23, 2017); *Pryn v. Berryhill*, No. 16-CV-315-FPG, 2017 WL 1546479, at *4 (W.D.N.Y. May 1, 2017) (giving little weight to the only opinion of record "created an evidentiary gap that requires remand"); *Covey v. Colvin*, 204 F. Supp. 3d 497, 507 (W.D.N.Y. 2016) (noting that the A.L.J.'s rejection of the treating physician's opinion created a "significant and obvious gap in the evidentiary record" because "the record contained no competent medical opinion regarding Plaintiff's RFC during the relevant time period"). However, the RFC need not correspond to any particular medical opinion; rather, the A.L.J. weighs and synthesizes all evidence available to render an RFC finding consistent with the record as a whole. *Matta v. Astrue*, 508 Fed. App'x 53, 56 (2d Cir. 2013) (Summ. Order).

The Second Circuit has held that "neither the trial judge nor the A.L.J. is permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion." *Flynn v. Commissioner of Social Sec.*, 729 Fed. App'x 119, 121 (2d Cir. July 6, 2018) (summary order) (*citing Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000); *Greek v. Colvin*, 802 F.3d 370, 375 (2d. Cir. 2015). Further, the Second Circuit states that "while a physician's opinion might contain inconsistencies

6

and subject to attack, a circumstantial critique by non-physicians, however thorough or responsible, must be overwhelmingly compelling in order to overcome a medical opinion." *Flynn*, 729 Fed. App'x 121 (*citing Shaw*, 221 F.3d at 135.) The A.L.J. in *Flynn* spent "significant energy recounting the physician's treatment notes" and concluded that the "notes indicated nothing more than 'mild anxiety'" such an assessment was "beyond the scope of the A.L.J.'s authority." *Id*. It should also be noted that while *Flynn* involved a treating physician, the Second Circuit has applied the same logic applies to an A.L.J.'s rejection of non-treating opinions. *See Giddings v. Astrue*, 333 Fed. App'x 649, 652 (2d Cir. 2009) (Summ. Order).

Here, the A.L.J. evaluated the opinion of Dr. Toor assigning it "some weight" but rejecting the limitations. (R. 29.) "Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Converso v. Comm'r. of Soc. Sec.*, No. 17-CV-91 HBS, 2018 WL 6803764, *3 (W.D.N.Y. Dec. 27, 2018) (quoting SSR 96-6P, 1996 WL 374180, at *2 (Jul. 2, 1996)); *see also* 20 C.F.R. § 416.913a. Not only should the opinions be given weight, but they should be discussed to allow the reviewer to follow the reasoning. 20 C.F.R. § 416.927(f)(2); *see Duell v. Astrue*, 8-CV-969 (MAS) 2010 WL 87298, *5 (N.D.N.Y. Jan. 5, 2010) (A.L.J. failed to explain the weight given to opinions of both consultative examiners).

Dr. Toor opined Plaintiff had moderate to severe limitations in standing, walking, bending, and lifting. (R. 469.) The A.L.J. believed that Dr. Toor's finding of

severe limitations "does not appear to be entirely consistent with the rest of the medical evidence." (R. 29.) However, Plaintiff had positive straight leg test and tenderness to palpitation. (R. 418, 427, 707, 712.) He had gait issues (R. 685, 734) and limited range of motion. (R.418, 697, 709, 712, 733.) Plaintiff had joint line tenderness and crepitus in his knee. (R. 411, 733, 739.) He also reported worsening pain and instability. (R. 412, 685, 701, 738.) An MRI showed arthritic changes in the trochlear groove and retropatellar. (R. 479.) Further imaging showed diffuse arthritic changes with spurring and tibial spine spiking. (R. 739.) Plaintiff's knee would often go out. (R. 407, 418, 479, 691.) He had paresthesia on the left leg for several months and his leg would go numb resulting in him falling. (R. 716.) Additionally, there was swelling in the knee. (R. 685, 697, 703, 709.)

The Commissioner claims that the A.L.J.'s finding that Dr. Toor's severe limitations were not "entirely consistent with the rest of the medical evidence" is supported by substantial evidence. (Comm.'s Mem. of Law at 17, Mar. 28, 2019, ECF No. 11-1.) The Commissioner states that "clinical findings showed that although Plaintiff had reduced range of motion of the right knee and left shoulder, he had an intact gait, normal strength throughout the extremities, and he was neurologically intact." (*Id.* at 13.) In addition, X-rays of Plaintiff's right knee were normal. (R. 468, 470, 480.) Also, while an MRI of Plaintiff's right knee showed arthritic changes, there were no meniscus tears. (R. 479.) An X-ray of Plaintiff's lumbar spine was normal. (R. 743.) This evidence supports the A.L.J.'s decision to reject Dr. Toor's severe limitations. (R. 29.) *Pellam v. Astrue*, 508 F. App'x 87, 90 (Summ. Order) (2d Cir.

8

2013) (A.L.J. properly declined to credit certain conclusions in consultative examiner's opinion that were inconsistent with other evidence of record).

Dr. Toor opined Plaintiff had moderate limitations in pushing, pulling, and reaching and in exertion. (R. 468.) The A.L.J. stated he gave Dr. Toor's opinion "some weight" however the RFC does not account for any of these limitations. (R. 25.) In *Carroll v. Colvin*, No. 13-CV-456S, 2014 WL 2945797, *4, *5 (W.D.N.Y. Jun. 30, 2014), an A.L.J. gave weight to opinions which found the plaintiff had moderate difficulties in prolonged sitting or standing but the RFC did not address them. The A.L.J. was required "to discuss and provide reasons tending to support the finding that, despite the moderate limitations...[plaintiff] could still perform light work." (*id*.). Additionally, in *Buchanan v. Colvin*, 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) "because the A.L.J. failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence."

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567. The A.L.J. did not include the pushing and pulling limitations in his RFC determination. (R. 25.) The A.L.J. stated Plaintiff could lift up to 15 pounds, but does not mention anything about pushing, pulling, and reaching and overall exertion. (R. 25.) The A.L.J. did not give reasons as to how Plaintiff, with the omitted limitations, could perform light work. *Thompson v.*

*Comm'r of Soc. Sec.*, (the failure to properly evaluate [a doctor's] assessment of plaintiff's moderate limitations is not harmless error. Those limitations were not accounted for in the RFC and, if credited, may likely have resulted in a more restrictive finding.") Therefore, as the A.L.J. did not include Plaintiff's additional limitations in the RFC determination, the Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (ECF No. 10) is granted and the Commissioner's motion for judgment on the pleadings (ECF No. 11) is denied. Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner for an expedited hearing. The Clerk of the Court is directed to enter judgment in favor of the Plaintiff and close this case.

IT IS SO ORDERED.

/s/ Mark W. Pedersen
MARK. W. PEDERSEN
United States Magistrate Judge

Dated: March 26, 2020
Rochester, New York